## J. & R. QUIGLY *v.* J. H. MUSE—GEORGE KELLER, Intervenor.

15 197
,107 559,

In a State governed by the common law, the title to personal property sold to the wife vests absolutely in the husband.

At common law, the wife's estate being secured to her separate use by virtue of an ante nuptial agreement does not confer the capacity to buy property and contract obligations that a married woman separated in property from her husband enjoys in Louisiana.

At common law, all contracts not under seal, are contracts by parol.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *J. E. Hunter*, for plaintiffs. *J. H. Muse, in pro. per.*, defendant and appellant. *W. J. Hamilton*, for intervenor.

LAND, J. This is a petitory action for the recovery of a slave, and the plaintiffs claim title by virtue of a parol gift purporting to have been made to them on the 19th day of November, 1834, in the county of Amite, in the State of Mississippi, by their grandmother, *Mary Thompson*.

The title of the grandmother was acquired by purchase from *Philip Quigly*, the father of the plaintiffs, in the State of Mississippi, where the common law prevails, in the year 1827. The nature and effect of her purchase of the slave must be determined by the law of that State. She was at the time a married woman, and incapable of contracting and acquiring either the possession or own-

QUIGLY
v.
MUSE.

ership of personal property independently of her husband. The title acquired to the slave vested absolutely in the husband, in the same manner as if the sale had been made directly to him ; and the grandmother was without capacity, as well as title, to give or donate the slave to the plaintiffs. 1 Blackstone, 442, note 42.

The gift of the slave to the plaintiffs was not accompanied by delivery, but was to take effect after the death of the donor, who reserved to herself the use and possession of the slave during the term of her natural life.

Such a donation *inter vivos*, under our law, is void, and the simple acquiescence of the husband will not be considered here as giving validity and effect to the parol gift of the slave, by his wife, to the plaintiffs, as against the claims of third parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be reversed, and that the verdict of the jury be set aside. And it is now ordered, adjudged and decreed, that there be judgment in favor of the defendant, with costs in both courts.

MERRICK, C. J., declined to sit in this case.

----

### SAME CASE—ON A RE-HEARING.

LAND, J. The plaintiff's counsel is in error in supposing that a married woman, under the common law, whose estate is secured to her separate use by virtue of an ante-nuptial agreement, has the same capacity to buy property and contract abligations, that a married woman, who is separated in property from her husband, has under the law of Louisiana.

So absolute is the incapacity of a married woman, at common law, to contract, that it has been held, in England, that she is not liable on her contracts, although she live apart from her husband in a state of adultery, and there exist a valid divorce *a mensa et thoro*. Chitty on Contracts, p. 40.

And even under the Mississippi statutes, changing the common law, and securing to married women the ownership and enjoyment of their property, free from the control, debts and liabilities of their husbands, it has been held that the incapacity of the wife to contract still exists, in all cases in which it has not been specially removed by statute. *Davis* v. *Foy*, 7 S. & M. Mi. R. p. 64.

Whether the gift of the slaves in question was, by deed or parol, is immaterial to the decision of the question in this case. It, however, may be stated that, at common law, all contracts not under seal, whether verbal or written, are contracts by parol ; and that as the act of gift of the slaves, although in writing, has no seal on it, nor even a scroll as a substitute for a seal, it was, as stated in the opinion of the court, a gift by parol and not by deed. Chitty on Contracts, p. 2 ; 4 Kent's Commentaries, p. 452.

The grandmother of the plaintiffs never had any title in law to the slaves, which she could convey by gift or otherwise.